UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **RODNEY NICHOLS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. 8:18-cv-00378-RFR-MDN |
| ) | |
| v. ) | **ANSWER TO FIRST AMENDED** |
| ) | **COMPLAINT** |
| **FIRST DATA RESOURCES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

Defendant, First Data Resources, LLC ("Defendant"), answers the First Amended Complaint and Jury Trial Demand filed by Rodney Nichols ("Plaintiff") in the above-captioned action, as follows:

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1, and specifically denies any liability in this matter.

## PARTIES

2. Defendant admits the allegations in Paragraph 2 of the Complaint, but specifically denies any liability in this matter.

3. Defendant admits the allegations in Paragraph 3 of the Complaint, but denies that Plaintiff worked at this location.

## JURISDICTION AND VENUE

4. Defendant admits that jurisdiction is proper as set forth in Paragraph 4 of the Complaint, but specifically denies any liability in this matter.

5. Defendant admits that venue is proper, but denies the remaining allegations in Paragraph 5 of the Complaint, and specifically denies any liability in this matter..

6. Defendant admits that Plaintiff's Exhibit A to his Complaint purports to be a "Dismissal and Notice of Rights" that was issued by the Equal Employment Opportunity Commission ("EEOC"). Any allegations pertaining to Plaintiff's Exhibit A relate to a written document which speaks for itself, and any mischaracterizations of that document are denied. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 6 and leaves Plaintiff to his burden of proof.

**FACTS**

7. Defendant admits that Plaintiff was employed by First Data Resources, LLC since approximately 1990 and that, during the relevant time period, he was an Operations Supervisor in the Zip Sort Department, but denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff had "less than satisfactory" performance, but denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff failed to spend sufficient time on the Zip Sort floor, but denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 and, for that reason, denies those allegations.

12. Defendant admits that Plaintiff was issued an IAP in March 2014 and that he was ineligible for certain employment benefits due to his poor performance, but denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Mr. Totusek held numerous meetings with Plaintiff as well as other members of management and Human Resources to discuss Plaintiff's performance, but denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff received negative performance reviews, but denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff was terminated in April 2016, but denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was not reinstated to his position, but denies the remaining allegations in Paragraph 20 of the Complaint.

## **CLAIM I**

21. Defendant re-alleges and incorporates its Answers to Paragraphs 1 through 20, as if fully set forth below.

22. Paragraph 22 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 22 and specifically denies any violation of law or liability to Plaintiff in any way.

23. Paragraph 23 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 23 and specifically denies any violation of law or liability to Plaintiff in any way.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## CLAIM II

27. Defendant re-alleges and incorporates its Answers to Paragraphs 1 through 26, as if fully set forth below.

28. Paragraph 28 states legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 28 and specifically denies any violation of law or liability to Plaintiff in any way.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

## REQUEST FOR RELIEF

1. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

2. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

3. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

4. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

5. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

6. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this Paragraph.

7. Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. All actions taken or alleged to have been taken against Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons and consistent with Company policy.

3. Plaintiff cannot recover liquidated, punitive, or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of willful, intentional, and malicious acts or conduct in reckless disregard of Plaintiff's rights to support such an award.

4. The imposition of punitive damages requested by Plaintiff will violate Defendant's rights to due process under law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

5. Plaintiff cannot recover punitive damages or damages for pain and suffering under the Age Discrimination in Employment Act.

6. If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

7. Plaintiff's claim for damages is limited to the extent that he has failed to mitigate his alleged damages, if any.

8. Plaintiff's claims are barred by reason of his failure to comply with Defendant's policies and procedures.

9. Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered by Defendant that would show that Plaintiff's employment would

have been terminated on other grounds.

10. To the extent Plaintiff is seeking to pursue any claims based on alleged acts and events that occurred more than 300 days prior to the filing of his Complaint and/or Charge of Discrimination, such claims are barred by the applicable statute of limitations and or Plaintiff's failure to exhaust administrative remedies.

11. At all times relevant to this litigation, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

12. Plaintiff is not entitled to a jury trial on his claims for equitable relief.

13. Defendant reserves the right to assert additional defenses that may become known through further investigation and discovery in this case.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed, in its entirety, with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and expenses, including costs and counsel fees, and such other relief as the Court deems just and proper.

Dated this 20th day of November, 2018.

> FIRST DATA RESOURCES, LLC,
> Defendant.
>
> /s/ Cody Brookhouser-Sisney
> Cody Brookhouser-Sisney (NE Bar #25872)
> A. Stevenson Bogue (NE Bar #15509)
> McGrath North Mullin & Kratz, PC LLO
> First National Tower, Suite 3700
> 1601 Dodge Street
> Omaha, NE 68102
> Phone: 402-341-3070
> Fax: 402-341-0216
> cbrookhouser@mcgrathnorth.com
> sbogue@mcgrathnorth.com
>
> ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certified that on the 20th day of November, 2018, the above and foregoing **Defendant's Answer to Plaintiff's First Amended Complaint** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:


Alexis Mullaney
Terry White
CARLSON & BURNETT LLP
17525 Arbor Street
Omaha, NE 68130
alexis@carlsonburnette.com
terry@carlsonburnette.com


                                              /s/ Cody Brookhouser-Sisney
                                               Cody Brookhouser-Sisney